# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWIN ALLEN STOLTENBERG<br><br>Plaintiff,<br><br>v.<br><br>TROY CLARK, *et al.*,<br><br>Defendants. | Case No. 3:20-cv-00267-JMK |

## CASE MANAGEMENT ORDER

Before the Court are 15 motions either ripe for adjudication or pending. The relevant procedurally history is as follows.

At Docket 52, all Defendants filed a *Joint Motion for Extension of Time to Respond to Complaint*, which asked the Court to delay responsive pleadings until "either 30 days after sentencing and entry of a final judgment in Plaintiff's [related federal] criminal proceeding, or 60 days from June 27, 2022."[1] Five days later, Defendant Securus Technologies, LLC ("Securus") filed a *Motion to Dismiss* at Docket 53 and *Request for Judicial Notice* with 188 pages of exhibits at Docket 54. At Docket 58, the Court suspended briefing deadlines on Securus's *Motion to Dismiss* in the interest of judicial economy.

---

[1] Docket 52 at 3.

Subsequently, Mr. Stoltenberg has filed various pretrial motions at Dockets 60, 61, 64, 65, 69, 70, 71, 72, 73, 85, and 86, and additional related documents and supplements at Dockets 66 and 67. Of specific note, Mr. Stoltenberg filed a *Motion to Request Leave to Amend* at Docket 71 and submitted a proposed amended complaint at Docket 74.

Counsel for Defendants United States Marshal Service ("USMS") entered an appearance at Dockets 51. Counsel for the individually named federal Defendants Clark, McGraw, and Vik ("Federal Defendants") entered an appearance at Docket 79 and accepted service on behalf of the Federal Defendants at Docket 80. USMS filed a *Motion to Dismiss* at Docket 81. The Federal Defendants filed a *Motion to Dismiss* at Docket 89.

Mr. Stoltenberg's related federal criminal matter has resolved and he now resides at FCI Victorville.[2] Accordingly, progress in this civil action shall resume.

As a preliminary matter, the Court must address Mr. Stoltenberg's *Motion to Request Leave to Amend* and the proposed amended complaint at Dockets 71 and 74. Federal Rule of Civil Procedure 15(a)(2) permits amendment by motion and instructs that a court "should freely give leave when justice so requires." The Court reviewed Dockets 71 and 74 and finds it appropriate to grant the requested

---

[2] Docket 84; *United States v. Stoltenberg*, Case No. 3:18-cr-00109-JMK-MMS-1, *see* Dockets 768, 776, & 800.

leave. The Court screened Docket 74 pursuant to 28 U.S.C. §§ 1915, 1915A and accepts it as the Third Amended Complaint. In the Ninth Circuit, "an amended complaint supersedes the original, the latter being treated thereafter as non-existent."[3] Accordingly, Docket 74 is the operative complaint in this action.

**IT IS THEREFORE ORDERED:**

1. The *Motion to Request Leave to Amend* at Docket 71 is **GRANTED.** The Clerk of Court is directed to amend the entry at Docket 74 to reflect that it is the Third Amended Complaint.

2. Defendant Jen Winkelman, Commissioner of Alaska Department of Corrections, is hereby substituted for Defendant Nancy Dahlstrom.

3. In the Third Amended Complaint, Mr. Stoltenberg names United States Marshal Services National Registered Agents, Inc as a defendant or defendants. After close review of the Third Amended Complaint, the Court interprets this as to be a singular defendant referenced as United States Marshal Service, Inc.[4] The Court takes judicial notice that National Registered Agents, Inc., is a corporation that offers service of process

---

[3] *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).

[4] Docket 74 at 7–8, 13.

compliance for business entities.[5] No claims or reference to National Registered Agents, Inc., is found in the Third Amended Complaint, nor are any factual allegations regarding service of process. However, if National Registered Agents, Inc., has been plead as "all defendants" and is an intended defendant, Mr. Stoltenberg must motion the Court requesting the issuance of an Order Directing Service and Response **immediately**.

4. With the acceptance of Third Amended Complaint, *Defendants' Joint Motion* for *Extension of Time to Respond to the Complaint* at Docket 52; Securus's *Motion to Dismiss* at Docket 53; Mr. Stoltenberg's *Unopposed Motion for Extension Response to Motion to Dismiss* at Docket 61; Mr. Stoltenberg's *Request for Laptop, Response to Securus's Motion to Dismiss, Objection to Securus's Judicial Notice, Request to Compel for Special Master, Securus Contract w/AK DOC Void for Fraud, Request for Sanctions for Deleted Calls* at Docket 65; Mr. Stoltenberg's *Request for Injunction/Restraining Order* at Docket 69, Mr. Stoltenberg's *Motion to Provide Dkt. 26, 65, [67] and Copy of Enclosed Motion filed 10/23/22* at Docket 72; Mr. *Stoltenberg's Motion to Compel Production of Addresses Under Seal to be Provided for Service by*

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019)

*the U.S. Marshal Services* at Docket 73; and Mr. Stoltenberg's *Motion to Stay for 120 Days* at Docket 86 are **DENIED AS MOOT**.

5. The *Motion to Request to Send Filings to Court to File ECM on All Defendants* at Docket 60 is **GRANTED**. Mr. Stoltenberg may file motions or responses with the Court and have them served electronically on Defendants. The certificate of service on any motion or response should read as follows:

> I, Edwin Allan Stoltenberg, attest that I have submitted this [motion/briefing/response] to the U.S. District Court for the District of Alaska to be served electronically through the CM/ECF system.
> /s/_____

Mr. Stoltenberg is advised that this only applies to motions, briefings, or responsive filings.

6. Mr. Stoltenberg's *Motion for Clarification and Supplemental to Add Interrogatories* at Docket 64 and the *Motion to Compel Interrogatories w/Response to Complaint* at Docket 70 are **DENIED AS PREMATURE**. For clarity and efficiency, the parties should not engage in discovery until the issuance of the Court's Scheduling Order, which will govern discovery procedures and deadlines in this action.

7. The *Motion to Request Complete Filings from Start to Finish* at Docket 85 is **DENIED IN PART** and **GRANTED IN PART**. It is a litigant's responsibility to keep copies of any filings. The Court finds Mr. Stoltenberg's request lacks

specificity and is too voluminous to grant outright. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the cost of copies to be waived or reduced. However, the Court is sympathetic to the loss of many, or all, of Mr. Stoltenberg's legal copies due to prisoner transport. Accordingly, the Clerk of Court shall send Mr. Stoltenberg the following: (1) Third Amended Complaint at Docket 74; (2) Defendant United States Marshal Service's *Motion to Dismiss* and *Declaration* at Dockets 81 and 82; (3) Defendants Vik, Clark, and McGraw's *Motion to Dismiss* at Docket 89; and (4) a docket sheet.

8. The Court sets out the following deadlines:

    a. The Third Amended Complaint is considered served upon the parties effective the date of this Order.

    b. Defendant Securus must file a responsive pleading, including but not limited to a revised *Motion to Dismiss*, within **21 days of this order**.[6]

---

[6] Fed. R. Civ. P. 12(a); Local Civil Rule 16.1(c)(1) ("Preliminary motions, especially those raising legal issues that have the potential for reducing necessary discovery, should be filed at the earliest time possible.").

    c.    Defendant Winkelman must file a responsive pleading, including any applicable motions pursuant to Federal Rule of Civil Procedure 12(b) within **60 days of this order**.[7]

    d.    Defendant USMS responded to the Third Amended Complaint in a Motion to Dismiss at Docket 81. The Court accepts this as Defendant USMS's responsive pleading. **The Court will issue a separate order regarding briefing schedule and procedure.**

    e.    The Federal Defendants responded to the Third Amended Complaint in a Motion to Dismiss at Docket 89. The Court accepts this as the Federal Defendants' responsive pleading. **The Court will issue a separate order regarding briefing schedule and procedure.**

    f.    In anticipation of responsive pleadings from Defendants Securus and Winkelman, the Court reminds the parties of following responsive pleading procedures.

           i.    A plaintiff should not reply to an answer by a defendant unless ordered by the Court.[8]

---

[7] Docket 29 at 2; Local Civil Rule 16.1(c)(1) ("Preliminary motions, especially those raising legal issues that have the potential for reducing necessary discovery, should be filed at the earliest time possible.").

[8] Fed. R. Civ. P. 12(a)(1)(c).

  ii.  When a motion to dismiss is filed in a civil action with a self-represented plaintiff, it is this Court's custom to issue a separate order setting a briefing scheduling and addressing the relevant 12(b) Rules of Federal Civil Procedure.

DATED this 23rd day of March, 2023, at Anchorage, Alaska.

            */s/ Joshua M. Kindred*
            JOSHUA M. KINDRED
            UNITED STATES DISTRICT JUDGE