IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWIN ALLEN STOLTENBERG<br><br>Plaintiff,<br><br>v.<br><br>TROY CLARK, *et al.*,<br><br>Defendants. | Case No. 3:20-cv-00267-JMK |

## ORDER RE: MOTION TO DISMISS AT DOCKET 81

At Docket 81, Defendant United States Marshal Service ("Defendant USMS") has filed a *Motion to Dismiss*. Defendant USMS moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of Federal Civil Procedure.[1]

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction either by a "facial" or "factual" attack.[2] In a facial attack, the defendant accepts the truth of the plaintiff's allegations, but asserts that they "are insufficient on their face to invoke federal jurisdiction."[3] In a factual attack, a defendant presents evidence outside of the pleadings to demonstrate that

---

[1] Docket 81 at 5–7.

[2] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[3] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

the Court lacks subject matter jurisdiction over the complaint based on the facts of the case.[4]

When resolving a factual attack on jurisdiction, a court "need not presume the truthfulness of the plaintiff's allegations."[5] Once a defendant presents a factual attack, the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[6] "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met."[7]

Here, Defendant asserts that the Court lacks subject matter jurisdiction over Mr. Stoltenberg's complaint because he has not alleged that he has administratively exhausted his claims under the Federal Tort Claims Act or the Freedom of Information Act.[8] Defendant furnishes a Declaration in support of this argument at Docket 82. Accordingly, Plaintiff may submit affidavits or other evidence in order to demonstrate that this Court has subject matter jurisdiction.

---

[4] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone*, 373 F.3d at 1039).

[5] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Wolfe*, 392 F.3d at 362; *Safe Air for Everyone*, 373 F.3d at 1039.

[6] *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

[7] *Leite*, 749 F.3d at 1121 (citing *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)).

[8] Docket 81 at 8–9.

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Plainly, this means that a defendant argues that even if everything in the complaint is true, the defendant did not violate the law. To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] The Court resolves a motion under 12(b)(6) only on the pleadings before it; therefore, no additional evidence may be submitted to defend those arguments.

Local Civil Rule 7.4 requires that unless otherwise ordered, opposition memoranda must not exceed 35 pages or 10,000 words.

**IT IS THEREFORE ORDERED:**

1. The Court recognizes that an additional motion to dismiss from the individually named federal defendants is pending at Docket 89; therefore, enlarged deadlines are appropriate here.

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

2. Mr. Stoltenberg has until on or before **60 days after the date of this** order to file any opposition and relevant supporting evidence to Defendant USMS's Motion to Dismiss at Docket 81.

3. Defendant USMS has until **30 days** after service of the Plaintiff's opposition to serve and file a reply.

DATED this 23rd day of March, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE