IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

EDWIN ALLEN STOLTENBERG

    Plaintiff,

v.

TROY CLARK, *et al.*,

    Defendants.

Case No. 3:20-cv-00267-JMK

## CASE MANAGEMENT ORDER

Before the Court are three items: (1) Defendant Securus Technologies, LLC's ("Securus") Motion to Dismiss at Docket 94; (2) Mr. Stoltenberg's response clarifying the named defendants in this suit; and (3) Mr. Stoltenberg's motion titled "Request Leave to Amend." Both of Mr. Stoltenberg's matters are in a single filing at Docket 96.

I.    Securus's Motion to Dismiss

At Docket 94, ("Securus") has filed a *Motion to Dismiss*. Securus moves to dismiss pursuant to Rule 12(b)(6) of Federal Civil Procedure.[1] At Docket 95, Securus renews a request that the Court take judicial notice of the exhibits lodged at Docket 54. In brief summary, the exhibits include: (1) a public request for proposals for telephone service for prisoners held by the Alaska Department of Corrections ("DOC"); (2) the contract between the DOC and Securus; (3) DOC

---

[1] Docket 94 at 10–11.

Procedures and Policies; (4) screen captures of DOC's public website; and (5) the proceedings in *United States v. Stoltenberg*, Case No. 3:18-cr-00109-JMK.

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Plainly, this means that a defendant argues that even if everything in the complaint is true, the defendant did not violate the law. To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[2] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[3]

Generally, a court resolves a motion under 12(b)(6) only on the pleadings before it.[4] However, two exceptions exist where a court may look beyond the pleadings without converting the motion to dismiss into a motion for summary judgment.[5] First, a document may be incorporated by reference, if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim;

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[3] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[4] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

[5] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."[6] Second, a court may take judicial notice of facts "generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot be reasonable be questioned."[7]

The Court has reviewed the exhibits lodged at Docket 54. Docket 54's exhibits are appropriate to consider as part of the *Motion to Dismiss* at Docket 94. The exhibits at Dockets 54-1 and 54-2 are incorporated by reference, because they are the foundational, contract documents establishing Securus as the phone provider of Anchorage Correctional Center, which is referenced and central to Plaintiff's complaint. The exhibits at Dockets 54-3, 54-4, 54-5, and 54-6 are subject to judicial notice as publicly available policies, procedures, and information from the DOC about telephone calls. The Court also takes judicial notice of *United States v. Stoltenberg*, Case No. 3:19-cr-00109.[8]

---

[6] *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

[7] Fed. R. Evid. 201.

[8] A court can take judicial notice of its own files and records. Fed. R. Evid. 201; *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."). Even where a party disputes the factual or legal findings of a court order, however, a court may take judicial notice of "the fact that the ... order issued and contained certain findings and conclusions." *Chatman v. Ferrell*, No. CV-17-03826-PHX-DLR, 2018 WL 3209389, at *1 (D. Ariz. June 29, 2018).

3:20-cv-00267-JMK, *Stoltenberg v. Clark, et al.*
Case Management Order
Page 3 of 7

II. Mr. Stoltenberg's Response

Mr. Stoltenberg informs the Court that the United States Marshal Service "is not a defendant to this lawsuit."[9] The Court thanks Mr. Stoltenberg for this clarification. Accordingly, the United States Marshal Service shall be terminated from this action as a defendant.

III. Mr. Stoltenberg's "Request Leave to Amend"

Mr. Stoltenberg informs the Court he has been in contact with prospective counsel and awaits a representation contract.[10] Mr. Stoltenberg requests leave to amend his complaint in anticipation his new counsel filing an amended complaint. Rule 15 of Federal Civil Procedure governs the amendment of Mr. Stoltenberg's complaints. Regardless of representation status, without a proposed amended complaint before the Court, this request is premature.[11]

---

[9] Docket 96 at 1 (all caps removed).

[10] Docket 96 at 1–2.

[11] Fed. R. Civ. P. 15(a)(2); Local Civil Rule 15.1.

Mr. Stoltenberg also requests a delay in briefing deadlines.[12] In the interest of judicial economy and the Court's inherent powers to control its own docket,[13] the Court will issue a brief stay to allow for the possible appearance of counsel.[14]

**IT IS THEREFORE ORDERED:**

1. The Court accepts and will consider the exhibits at Docket 54, as part of Securus's *Motion to Dismiss* at Docket 94.

2. Mr. Stoltenberg's response at Docket 96 clarifying the defendants in this action is accepted. The Clerk of Court shall terminate the United States Marshal Service as a defendant in this action. The *Motion to Dismiss* from the United States Marshal Service at Docket 81 is **DENIED AS MOOT**.

3. The Motion at Docket 96 is **DENIED IN PART** and **GRANTED IN PART**.

    a. The request for leave to amend is **DENIED AS PREMATURE**.

    b. The request to delay briefing deadlines is **GRANTED**.

4. The Court **STAYS** this action for **90 days** to facilitate a possible entry of appearance and any applicable motions practice.

---

[12] Docket 96 at 2.

[13] *Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010). A federal district court's inherent powers are the mechanisms "necessarily vested in courts to manage their own affairs as so to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (*quoting Link v. Wash R. Co.,* 370 U.S. 626, 630–31 (1962)).

[14] *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (holding "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

a. Mr. Stoltenberg's deadline for an opposition brief on the Federal Defendant's *Motion to Dismiss* at Docket 89 is paused.

b. Mr. Stoltenberg's deadline for an opposition brief on Securus's Motion to Dismiss at Docket 94 with exhibits at Docket 54 is paused.

c. The responsive pleading deadline for Defendant Winkelman is paused.

5. Mr. Stoltenberg remains a self-represented plaintiff and responsible for this litigation.

6. If an attorney files a Notice of Appearance on behalf of Mr. Stoltenberg, Mr. Stoltenberg will be relieved of his duties as a self-represented plaintiff. All filings will need to be made by counsel. No motions, letters, correspondence, or requests will be accepted by the Court once Plaintiff's counsel enters an appearance.

7. **If counsel for plaintiff does not appear by July 19, 2023**, briefing and responsive pleading deadlines will resume on the following schedule:

a. Mr. Stoltenberg's opposition brief on the Federal Defendant's *Motion to Dismiss* at Docket 89 will be due **8/28/2023**. Local Civil Rule 7.4 requires that unless otherwise ordered, opposition memoranda must not exceed 35 pages or 10,000 words.

b. Mr. Stoltenberg's opposition brief on Securus's *Motion to Dismiss* at Docket 94, with exhibits at Docket 54, will be due **9/18/2023**.

Local Civil Rule 7.4 requires that unless otherwise ordered, opposition memoranda must not exceed 35 pages or 10,000 words. Plaintiff should not include exhibits or additional materials with his opposition brief.

c. Defendant Winkelman's responsive pleading will be due **8/28/2023**.

d. Reply briefs from the Federal Defendants or Securus will be due **14 days after any opposition is filed**, per Local Civil Rule 7.2(b)(2).

8. The Clerk of Court shall send a copy of Docket 54 and its exhibits to Mr. Stoltenberg along with a copy of this order.

DATED this 21st day of April, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE