# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWIN ALLEN STOLTENBERG<br><br>Plaintiff,<br><br>v.<br><br>TROY CLARK, *et al.*,<br><br>Defendants. | Case No. 3:20-cv-00267-JMK |

## CASE MANAGEMENT ORDER

Before the Court are three items filed by Mr. Stoltenberg at Dockets 100, 101, and 102. The Court stayed this case until July 19, 2023.

I. "Notice to Court Renewed Request for Appointment of Counsel"

The Court had previously denied requests for counsel at Dockets 28 and 47. The Court's reasoning at Docket 47 endures. Mr. Stoltenberg does not meet the exceptional circumstances required by precedent.[1] He continues to articulate his claims and shows deep understanding of the legal issues involved. The Court continues to advertise for volunteer counsel through the Federal Pro Bono Project.

---

[1] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."); *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (in determining whether a case merits an exceptional circumstance for an appointment of counsel in a civil action, "[a] district court must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved. None of these factors is dispositive; rather they must be considered cumulatively.").

The "Notice," construed as a Motions for the Appointment of Counsel and Leave to Amend the Complaint at Docket 100 is **DENIED**.

II. The Motion to Reconsider Dkt. 97 Order

The Court declines to reconsider its Order at Docket 97. Procedurally, such motions are limited to five pages and must be filed within seven days of the Court's order.[2] Substantively, the Court denies motions for reconsideration unless the movant demonstrates a (1) manifest error or law or fact; (2) discovery of new materials facts; or (3) an intervening change of the law.[3] Based on all of the above, Docket 101 does not present proper grounds as a motion for reconsideration pursuant to Local Civil Rule 7.3(h).

Furthermore, Rule 15(a) of the Federal Rules of Civil Procedure governs the process for amending pleadings. A plaintiff may amend a complaint (1) within 21 days after service or within 21 days of a responsive pleading or a motion under Federal Rule of Civil Procedure Rules 12(b), (e), or (f); (2) with the opposing party's consent, or (3) with a court's permission.[4] Local Civil Rule 15.1 requires that "[t]he proposed amended pleading must not incorporate by reference any prior pleading,

---

[2] Local Civil Rule 7.3(h)(2).

[3] Local Civil Rule 7.3(h)(1).

[4] Fed. R. Civ. P. 15(a).

3:20-cv-00267-JMK, *Stoltenberg v. Clark, et al.*
Case Management Order
Page 2 of 4

including exhibits."[5]  An amended complaint replaces the prior complaint in its entirety.[6]  Plainly, this means that a plaintiff cannot simply add on new claims or defendants by motion or declaration.  In order to amend a complaint, a plaintiff must submit a new complaint with all the claims the plaintiff seeks to allege.

Mr. Stoltenberg's motion to amend is not within the timeframes or permissions established in the Federal Rule of Civil Procedure 15(a). Furthermore, Mr. Stoltenberg cannot add additional claims or defendants by motion.  In accordance with the Local Civil Rule 15.1, he must file a new complaint with all of his claims.  If Mr. Stoltenberg wants to amend his complaint, he needs to do so:  (1) in the appropriate time frame or with the appropriate permission from the Defendants or Court, and (2) file an entirely new complaint which alleges all of complaints and all of the defendants.  Lastly, a primary motivation for requesting leave to amend is to delay the litigation process and require the Court to re-screen pursuant to 28 U.S.C. §§ 1915, 1915(A).  This is an improper request.  Purposeful delay is a sanctionable offense.[7]

The Motion to Reconsider Dkt. 97 Order at Docket 101 is **DENIED**.

---

[5] Local Civil Rule 15.1.

[6] *Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) (relying on *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect.").

[7] *See* Fed. R. Civ. P. 11(b)(1).

### III. Motion for Amended Proposal Leave to Amend

The Court denies leave to amend or request for appointed counsel for the reasoning in Sections I and II. However, Mr. Stoltenberg requests an additional stay, due to an impeding facility transfer within the Bureau of Prisons. The Court is inclined to grant the stay due to the difficult logistics of prison transfers and the shipment of legal files, but invites any objections from Defendants for the Court's consideration. Accordingly, as to the request to stay, the Court **HOLDS** Docket 102 **IN ABEYANCE**.

**IT IS THEREFORE ORDERED:**

1. The "Notice to Court Renewed Request for Appointment of Counsel," construed as Motions for Appointment of Counsel and Leave to Amend the Complaint at Docket 100 is **DENIED.**

2. The Motion to Reconsider Dkt. 97 Order at Docket 101 is **DENIED**.

3. The Motion for Amended Proposal Leave to Amend at Docket 102 is **HELD IN ABEYANCE** in order to consider any objections from Defendants.

4. Defendants shall submit objections to Mr. Stoltenberg's request to extend the stay in this case by **July 19, 2023**.

DATED this 12th day of July, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE