Edwin Stoltenberg 20419-006
Federal Correctional Inst.
FCI Victorville, Med I
P.O. Box 3725
Adelanto, CA 92301
★Subject to address change★

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWIN ALLEN STOLTENBERG<br>Plaintiff, | CASE No. 3:20-CV-00267-JMK |
| VS | COMPLAINT |
| TROY CLARK et al<br>Curtis VIK<br>SAMMUAL MCGRAW<br>   Citizen Defendants<br>Individual/official Capacity. | COMMON LAW<br>Civil Rights Complaint<br>REDEEM IN LAWFUL<br>MONEY 12 USC§ 411 |
| -Securus Technologies, Inc | JURY TRIAL DEMAND |
| -Jen Winkleman, Alaska<br>Department of Corrections | UPDATED COMPLAINT<br>Relates back to DKT 21 |
|    Defendants | |

COMPLAINT

Edwin-Allen: Stoltenberg, Aggrieved party hereby files
This Common Law and Civil Rights Complaint on

all named Defendants for injuries sustained by The Intentional illegal interceptions of Confidential pre-trial attorney-client jail phone Calls without Court authorization.

Edwin Allen Stoltenberg was arrested June 26 2018 on 5 outstanding felony state warrants. Starting The day after Mr. Stoltenberg's arrest, TFO Agents Troy Clark, Curtis Vik and Correctional officers utilizing Access Codes, usernames and inmate pin knowing The phone numbers They were intercepting, accessing belong to attorneys. (see U.S. V Stoltenberg 3:18-cr-00109-JMK Evi Hearings Sept 11, 2019 to Oct 8 2019) Defendants, Troy Clark and Curtis Vik utilized information starting June 27, 2018 from Confidential attorney-client jail Calls to Contact Leon Bradford to inquire on information Mr. Stoltenberg was Concerned about as discussed with attorney Bradley A. Carlson. Defendants utilized information That lead to The July 2, 2018 search warrant, where officers located 302 grams of meth and a pistol That Mr. Stoltenberg was federally indicted on October 3rd, 2018.

Mr. Stoltenberg was sentenced on his 5 felony state Cases July 16, 2018 in Kenai, Alaska where it was disclosed That Mr. Stoltenberg was possibly going to be federally indicted on 700 grams of meth and a .380 pistol. Shortly after Mr. Stoltenberg's State July 16, 2018 Sentencing TFO Curtis Vik and Agent unknown attempted to interview Mr. Stoltenberg at The Anchorage Correctional Complex-east on information obtained Through Confidential attorney-client intercepts, i.e. 700 grams of meth and a .380 pistol. Mr. Stoltenberg

immediately declined to talk. (see U.S. v. Stoltenberg interview by agent Vik.)

Mr. Stoltenberg was remanded to Mat-su pre-trial facility. The start of the intentional intercepts started June 27, 2018 and ended in August 2019. 30 Confidential attorney-client jail calls were repeatedly accessed 92 plus times that resulted in the July 2, 2018 search warrant by way of information gleaned unlawfully without any court approval.

Alaska Department of Corrections failed and do not provide notice to pre-trial detainees by way of inmate handbook Concerning registration of attorney-client jail calls. AK Doc failed to adhere to RFP to provide a list of phone numbers in August and febuary to Securus Technologies of Alaska BAR Members/attorneys, AK Public Defender attorneys, Alaska office of Public advocacy attorneys and federal Public defenders attorney's and Cja Contract attorneys. Securus Technologies Inc is a State of Alaska Public utility. (see AK Public utility.org Website).

As disclosed by federal AUSA Mr. Stoltenberg's Confidential attorney-client jail calls that were intentionally intercepted Concerned Mr. Stoltenberg's "State" Cases which Stoltenberg was sentenced July 16, 2018. Mr. Stoltenberg did not discover intercepted attorney-client jail calls til August 2, 2019 and the full injuries til Sept. 11, 2019-to-october 8, 2019 evidentiary hearings.

Mr. Stoltenberg exhausted his administrative remedy in Aj-19-389. outcome no Calls to 907-264-6721 or 907-

677-9900 were recorded. Evidence provides otherwise. This amended Complaint relates back to DKT 21 filed on all named defendants 7/26/2021 respectively.

Mr. Stoltenberg had an expectation of privacy under The Article I Sec 22 of The Alaska Constitution. Mr. Stoltenberg had a 6TH Amendment Right under The United States Constitution as his attorney-client relationship was established by his $600.00 partial retainer to attorney Bradley A. Carlson and Through Federal Cja appointment of Counsel Dena Pontioces.

Defendants herein were required to adhere to and sign the "RFP" 202.01A form to utilize The Securus Technologies Inc Call access/intercept plateform. Securus System installed intercepted, recorded all Calls Then provided access Through The System without court approval all hereby Violating Mr. Stoltenberg's expectation of privacy. Mr. Stoltenberg had a reasonable expection of privacy Through The State of Alaska Constitution, The United States Constitution and The Cleary final Settlement Agreement, to include The Alaska and Federal Wire intercept Acts.

## JUDICIAL NOTICE

Its respectfully requested The Honorable Court take judicial notice of The following Cases.

1) U.S. V. Stoltenberg, 3:18-cr-00109-01-JMK
2) U.S. V Miller, 3:17-cr-00063-TMB, 3:18-cr-00084-SLG

3) U.S. V. Barnes, 309-cr-0001-TMB (DKT 518 ; 519)
4) Miller V. Taylor, 3:14-CV-0061-RRB
5) Johnson V. Core Civic, 4:16-CV-00947-JAR
6) U.S V. Carter 3 16cr-3002-02 JAR
7) U.S. V. Black 16-cr-300 JAR
8) Cleary V. Smith 3AN-81-5274 CI
9) Romero V. Securus Tech Inc, 216 f. Supp. 3d 1078

   In support of this Complaint, Claimant is at all times
hereby Special appearance E(8) not general. Throughout the
entirety of this Civil action.
   Awards Demanded in Law fuel/Constitutional Att 1, Sec 11
Money 12 U.S.C § 411
      JURY TRIAL DEMANDED.


## PARTIES AND BACKGROUND


1) Claimant, Edwin Allen Stoltenberg was a pre-trial State
detainee held in custody at Multiple Alaska Department
of Corrections facilities til October 3, 2018 when Stoltenberg
was federally indicted.
   At all times the Confidential attorney-client jail calls
herein were unlawfully and intentionally intercepted through
access to the Securus Tech Inc Call access plateform by way
of passwords, pins and identification numbers. Call information
was recorded, downloaded, played back, burned to CD's Then

(AS. 42.20.300)
Published

disclosed and used by agents and Third parties.
Claimant is Currently in prison Through The order issued
by The U.S. district Court in The Bureau of prisons.

2) Attorney Bradley A. Carlson is a lisenced Alaska Bar attorney
able to practice law in State and federal Courts. Mr. Carlson
was a Active AK BAR attorney, AK Public defender Contractor
attorney and OPA Contract attorney in 2017.
Attorney Dena Pontious is a lisenced Alaska BAR attorney able
to practice law in State and federal Courts. Ms. Pontious was
a active AK BAR attorney, AK Public defender Contractor, and
OPA Contract attorney and federal Cja Contract attorney well
before 2017.
As lisenced attorney's, attorney Carlson and Pontious are
allowed to practice law in The United States District Courts
for The district of Alaska and all State of Alaska Court
Systems. Both attorney's were active AK BAR attorney's
well before August-february 2018 RFP dump.
Attorney Carlson's and Pontious's offices are located in
Anchorage, Alaska. At all times, Carlson and Pontious have/has
represented Clients who have been or are Currently detained
by The State of Alaska or/and/ United States Marshal Services
Inc Through Contract for Confinement at The Alaska Doc
facilities Statewides. Both attorney's are federal CjA, OPA,
AK Public defender Contract attorneys and active AK BAR
Members well before 2018. february-August RFP Securus Tech.

3) Defendants Troy Clark, Curtis Vik and Sammual McGraw are federal Agents, State of Alaska Troopers and Anchorage Police officers That are task force officers "TFO" employed by The Anchorage, Alaska federal Bureau of Investigation office.

At all times herein, defendants Knowingly, Intentionally, willfully and voluntarily utilized Their Securus Tech Inc access to intercept Through online user name, password and identification to access Confidential attorney-Client jail Calls of Mr. Stoltenbergs, and others. Defendants Knowingly participated in plaintiffs injuries when defendants testified (Sept 11-2019 to Oct 8 2019) That They Knew That The Calls They intercepted Through username and password was attorney-Client Confidential Calls. Defendants statements provided They quickly hung up when They realized The Calls intercepted were Confidential and did not intercept and access anyother Confidential Calls. Evidence by way of Securus Call access log reports provide otherwise.

Access to plaintiffs Confidential attorney-Client jail Calls to further Conspire with others That resulted in plaintiffs injuries. Defendants at all times while accessing Confidential attorney-Client jail Calls were clearly aware The Calls were Confidential by number They intercepted and The use of information to obtain information to obtain a warrant July 2, 2018 Defendant were required to Sign AK Doc Form 202.01A to utilized and access The Securus System.

4) Defendant, Alaska Department of Corrections hereinafter

'AK Doc', State of Alaska is a for-profit Correctional Management Corporation That manages and owns prisons, jails and detention facilities including Mat-su pretrial, Anchorage Correctional Complex, wildwood pre-trial and Spring Creek Correctional.

Defendant is a for-profit Corporation owned and operated by The State of Alaska and The Commissioner is Jen Winkleman. Defendant does not provide pre-trial handbooks.

5) Defendant Securus Technologies Inc is a private public utilities Corporation founded and headquartered in Carrollton, Texas. It has Contracts with prisons and jails accross The Nation, including AK Doc, to provide Telephone and video Conference Services for detainees, attorneys and families Throughout The State of Alaska AK Doc facilites. Defendants were required to Sign AK Doc 202.01A form.

6) Claimant was a State pre-trial detainee til July 16, 2018. Information was intentionally intercepted obtained Through online access utilizing username, password and identification number to intentionally obtain recordings of Confidential attorney-client jail calls without Court approval or any warrants. Claimant became a federal detainee October 3, 2018. An order of detention was issued Oct. 3, 2018 by The U.S. Magistrate judge and plaintiff was remanded to The Custody of The U.S. Marshal Services to be held pending resolution of The Criminal Case. The U.S. Marshal Services

Contracts with AK Doc and other detention facilities.
7) In particular, Plaintiff was seeking representation of which plaintiff paid a $600.00 retainer fee to attorney Bradley A. Carlson. Plaintiff was then appointed through federal CJA panel appointed Counsel Dena Portions, through the U.S. District Court Alaska Plaintiff was remanded to the Custody of AK Doc.

Once a federal pre-trial Detention order was issued Plaintiff was remanded from State to federal Custody. The Case is Stylized U.S. v. Stoltenberg 3:18-cr-00109-JMK. U.S. Dist. judge Joshua Kindred and Magistrate Matthew Scoble presiding.

During the Course of representation Plaintiff had numerous Conversations with his attorney's both telephonic and in person that were intentionally intercepted. Plaintiff was made aware of Confidential Calls being intercepted after plaintiffs July 16, 2018 state sentencing. Claims have yet to be litigated State. Confidential Calls were repeatedly accessed 92 plus times, Causing a Chilling effect in Stoltenberg's attny-Client Communications. Appeal is pending is AK Supreme Court.

8) August 2, 2019 U.S. Dist judge Timmothy Burgess "verbally" entered an order in U.S. v. Stoltenberg to Cease recording Confidential attorney-Client jail Calls and to preserve all Calls and evidence that had been recorded at AK Doc by the Securus phone recording System, intentionally installed in AK Doc facilities Statewide. As evidence provides Calls were intentionally recorded then deleted Sometime before the Oct 3, 2018

federal indictment of plaintiff with additional Confidential attorney-client jail calls deleted after the Aug 2, 2019 Judge Burgess order. Two additional calls to attny's were access shortly after Aug 2, 2019. as evidence provides.

9) On (approx) August 3rd 2019 Current CJA appointed Counsel Gregory Heritage recieved through a federal Subpoena issued to Securus Technologies Inc Claiments Call access detail reports made by plaintiffs use of the Securus/AK.Doc jail phone System to attorny's Bradley A. Carlson and Dena fortious to include other attorneys. The reports (see attached Exhibit A) provided 30 Confidential attorney-client jail telephone Calls That were intentionally intercepted, monitored, recorded, Burned to CD's, played back and live monitored accessed repeatedly 92 plus times. Then at Some point two additional Confidential Carlson Calls were intercepted then accessed after all parties were on Notice. Do to the destruction of calls and perjury by defendants Claimant could not examine his injuries and prejudicial Contents That were not put in federal discovery. Calls were unlawfully deleted without Court approval As 12-37.070 and federal law 5 u.s.c.§ 552 (A).

Information defendants intentionally intercepted was used, disclosed to Third parties That resulted in the July 2, 2018 application of search warrant and discovery of evidence.

10) Defendants actions intentionally, Knowingly, willfully and voluntarily Conspired with others to violate plaintiffs rights

Secured Through The Cleary Final Settlement Agreement hereinafter "CFSA." Defendants 8 intentionally installed The Securus System knowing it recorded all Calls allowing other Third parties to Monitor, record, intercept and download any call at Their leisure to include confidential attorney-client jail Calls That Caused and resulted in Claimants injuries.

Defendants disregarded Court orders, laws and Constitutional rights to include detainee's rights when They intentionally intercepted Plaintiff's Confidential attorney-Client jail Calls. Defendants Then Conspired with others to destroy by deleting Calls and Contents Therein to include after judges orders. Defendants System installed was being operated by AK Doc employee's within AK Doc jail facilities when AK Doc employee's and Securus Tech employee's knew Confidential attorney-client jail Calls were being recorded and monitored during Specific periods as evidence provides (2017- t.1 2018) and failed to disclose This information to attorney's, Clients and victims. Fraudulent Concealment occurred, fraudulent misrepresentation occurred, Negligence occurred, Violation of State and federal wiretap Acts occurred, privacy Rights occurred to include 6th Amendment violations. The Cleary final Settlement Creates a Right to privacy triggering The privacy Act.

Defendants were not testing or Servicing equipment when recordings occurred. Defendants were required to periodically obtain phone numbers by "RFP" to AK BAR Association.

Alaska Public Defenders Agency, Alaska office of public advocacy, The federal Public Defenders and everyone who had access to The System was required to have training and must sign The AK DOC 202.01A form

Defendants System intentionally recorded all Calls without any Safety mechanisms to prevent attorney-client Confidential jail Calls from being Monitored and recorded.

Defendants Continue to cause injuries for Their unlawful practices, and Calls were accessed after The attorney numbers were registered to private as indicated by The call access reports.

## JURISDICTION AND VENUE

11) This Court has limited jurisdiction (E)(8) of Plaintiff and full jurisdiction of defendants under 28 U.S.C § 1332 (d)(2) for all Claims brought pursuant to Alaska and federal Wiretap Acts, The privacy Act Art I, Sec 22, The privacy Act 5 U.S.C § 552(A), The 6th Amendment and The cleary final Settlement. Information and evidence and belief, The damages to Claimant exceed $5,000,000 °° (Five Million) and by Statute $10,000 °° per Call, $5,000 °° per privacy Act.

12) Venue is proper in This Court pursuant to 28 U.S.C § 1391 (B) inasmuch as The Cause of action set-forth herein have arisen and occurred in part in This 9th cir district and also because defendants are subject to This Courts personel-jurisdiction.

# FACTUAL ALLEGATIONS

13) Defendants Troy Clark, Curtis V. K and Sammual McGraw are Task force officers "TFO's" who are employed by The Alaska, Anchorage FBI. Defendants intentionally Conspired with each other and others when they intentionally utilized Pins, passcodes and identification numbers to intercept Confidential attorney-client jail Calls starting June 27, 2018 ending in August 2018 (See attached Exhibit B and Exhibit A) Using The Securus Call access platform Without Court orders. Defendants Testified between Sept-11, 2019 to Oct 2, 2019 That They knew They intercepted Confidential attorney-Client jail Calls but immediately Stopped listening. Securus Call detail reports provide Conflicting evidence.

14) Defendants AK Doc is a for-profit Corporation That is owned by The State of Alaska That owns, Manages and operates all AK jail facilities Statewide and The Commissioner is Jen Winkleman. Defendants operate The Securus System.

15) AK Doc's facilities Statewide phone and video Conference Services are provided by Securus Tech Inc but operated by AK Doc personell. Securus Tech Charges families, attorney's and inmates a fee to Speak with detainee's. It Shares Those proceedings With AK Doc which Creates profit for both entities. Securus Call recordings are Stored in Servers in Carrollton, Texas and are traveling in interstate Commerce.

16) Attorney's, including Claimants, routinely contact Their Clients by phone, video conference and in-person to discuss Confidential matters protected by The Attorney-Client Work product Doctrine, The Privacy Act, 6th Amendment to include The Wire intercept Acts.

They do so with The understanding That Their Conversations are Confidential and private. In particular, attorney Bradley A. Carlson announces and announced That The jail phone Conversation are Confidential and nobody is authorized to be listening to The Calls or obtain any information Therefore Similarly, detainee's understand That in-person and attorney-Client Conversations with Their attorney's are Confidential and Not recorded or monitored.


17) In reality, Ak Doc and Securus Tech Inc do record and monitor Confidential attorney-Client jail Calls and were aware early on but failed to Correct The recording and disclose to victims and attorney's That Their Confidential Calls were recorded and monitored.

Recording or/and Monitoring Confidential attorney-Client jail Calls serve no legitimate reason between detainees and Their attorney's. The recordings do nothing to Further The facilities safety/Security or Public Safety.

Moreover Ak Doc settled a Class-action Civil lawsuit in Cleary V. Smith 3AN-81-5274CI and The Court order was issued in 2001. Alaska detainee's Rights are protected and located in The Cleary final Settlement Agreement "CFSA".

All detainee's past, present and future are protected under the "CFSA." All AK Doc employee, Securus Tech Inc employee shall sign AK Doc form 202.01A to protect the Rights of detainees. to include anyone with access to Calls.

Defendants are in Contempt of the CFSA order. Numbers Still can be accessed as reports indicate once privatized as was Conducted.

18) During June 27, 2018 to August 2018 and before and after, Securus Technologies Inc recorded Communications between detainee's, attorney's relying on a set of servers, electronic Storage, Cables and Software Separate from what is Simply used to Connect Callers. The system is internet based.

In fact, to access detainee's Calls a username, passcode and identification number shall be used to gain access to the Calls and Contents with the display of the phone number the Call is to before downloading Contents.

The equipment used to intercept, record and Share detainee's Calls, neither facilitated those Calls, nor were the recordings a necessary incident of the Calls. The System was installed to intentionally record and monitor all Calls, privatizing attny numbers does nothing to stop accessing as evidence provides (see attached)

19) AK Doc and Securus Tech Inc recorded and monitored Pre-trial Detainee's to include Confidential attorney-client jail Calls and Concealed fraudulently that detainee's and attorney's Calls had been recorded without any notice to Victims. Defendants had no Safety mechanism to Stop recordings of a Confidential attorney-client jail phone Call. Defendants Stored recordings in a Set of Computer

Servers, to which They intentionally provided law enforcement agencies access or any other personel who requested a username and passcode. Direct online access using The provided username and passcode to gain access to any detainee's Call from any internet Connected device without verification required by law.

Anybody That is provided a username and passcode were able to review any Call at Their leisure, knowing They were gaining access to specific numbers and recordings were Confidential knowing They violated State/federal laws and Constitutional Rights.

20) Securus Tech Inc and AK Doc were aware early on and Fraudulently Concealed, negligently Concealed That They Were operating a telephone System (see Miller v. Taylor 3:14cv-0061-RRB and U.S. v. Michael Barnes) That Captured and recorded Confidential privileged attorney-Client Conversation. Defendants Concealed These recordings and notification of Call recordings to Confidential attorney-Client recipents.

(In 2014 Securus data hase was hacked/leaked (Citing Smith Jordan and lee, Micah, NOT SO SECURUS, the Intercepts (Nov 11, 2015) avail online at http://Theintercept.com/2015/11/11/securus-hack-prison-phone-Company-exposes-Thousands-of-Calls lawyers and Clients); and Smith Jordan, Securus settles lawsuit alleging improper recording of privileged detainees Calls, the intercept (March 16, 2016) avail online at http://Theintercept.com

/2016/03/16/ Securus-settles-lawsuit-alleging-improper-recording-of-privileged-inmate-calls).

The State of AK Doc and Securus owe duties (202.01A form) to detainee's under The CFSA, (Creating a privacy issue) which are incorporated into The CFS.A and The AK Doc/Securus RFP under 202.01A / 202.15 Doc Policy, Within AS 33.30.231(c) in which Telephone Calls 'Shall be Kept Confidential' only to be Monitored by a select employee With Training of AK Doc/Securus RFP by The facility Superintendent at each facility.

Please take judicial notice of AK Doc policy #810.01 That Will and undermines the illegal Contract AK Doc/Securus Tech Inc entered into. 810.01 inasfar provided additionally (B) Privileged Telephone Contacts;

Prisoners May Complete a priv.leged Telephone Contact designation form AK Doc does not provide Notice to detainees and do Not provide inmate handbook either providing advice. As AK Doc is not who records and stores The phone Calls. in which its outside Their jurisdiction and its Securus Tech Inc Who is recording The phone Calls allowing AK Doc to operate The System.

Its AK Doc Security personel providing The access to The Securus Call access plateform for any governmental authority Who requests Such violating terms to AK Doc/Securus RFP.

Securus, in particular has been Made very aware of Virtually identical Complaints from other parts of The Country where it provides Services for jail phone services

Such as Kansas, Missouri, California, Arizona, which The
U.S. Dist Court Kansas issued an order to remove all
Securus Telephone Systems from all Kansas, Nebraska, Missouri
jails. (See U.S. v. Black 16-cr-20032 JAR (U.S. v. Carter 16-cr-20032-
02-JAR). ~~Go~~

Claimant Can clearly establish injury in fact, and all other
claims.


21) Claimant, Edwin-Allen: Stoltenberg, routinely Communicated
with his attorney's seeking legal advice, Trial Strategy, evidence
both in-person and by The Securus / AK Doc jail telephone System,
Throughout The State of Alaska prison facilities to attorney's
office phones, cell phones or Call operation Centers attorney's
Contracted Telephone Services Through. Claimant and attorneys
believed Conversations were Confidential at all times. Attorney's
offices or Call Services, routinely forwarded Calls to attorney's
Cell phones.


22) Notwithstanding That understanding referenced in paragraph
17 above, Defendants Monitored and recorded Communications
between detainee's and The outside world. Defendants
fraudulently Concealed / omission, fraudulent misrepresented, were
negligent when They knowingly knew recordings were occurring
and did not notified parties to call.

The equipment They installed used to intercept, record, download,
ect and shared detainee's Calls neither facilitated Those telephone
Calls and in-person meetings, nor were The recordings a

necessary incident of those calls or meetings

23) AK Doc/Securus Tech Inc stored recordings in a set of computer servers and concealed the recording from the recipients regularly giving access to those recordings to law enforcement agencies. In addition to regular recordings, law enforcement officers had unfettered access to any conversation between detainee's and their attorney's utilizing their username and passcode knowing the number thats being intercepted prior to downloading the recording. The system has no safety mechanism to detect or stop recording confidential calls.

24) There is no legitimate reason to record calls between detainee's and their attorney's. The recordings do nothing to further (Doc Policy 810.01) the facility security and/or public safety.

25) AK Doc/Securus Tech were required to periodically obtain a list of numbers from Alaska BAR association, AK Public defenders agency, office of Public advocacy, federal Public defenders as required by AK Doc/Securus RFP that provided the list to Securus in February and August

26) Law enforcement agencies and officers have access to any recordings of confidential attorney-client communications from AK Doc facilities statewide upon evidence and information and belief. the government has distributed confid-

ential attorney-client Communications/recordings to defendants and defense attorney's Through discovery of recorded Calls. Defendant have Concealed evidence not notifying parties to Calls by deleting recordings.

27) AK Doc / Securus Tech were aware That They were operating and had installed a recording System that Captured and recorded Confidential attorney-client jail Communications The System intentionally recorded all jail Communications to Store recordings in Computer Servers. The System has no Safety mechanisms to detect and Stop recordings of Confidential attorney-client Calls. AK Doc and Securus Tech Inc have been aware The System recorded and Stored Confidential attorney-client Communications

AK Doc / Securus Tech Inc have been aware for years That the phone System recorded all Calls and were aware of identical Complaints in The District of Alaska. (See U.S. v Barnes 3:09-cr-0001-TMB DKT 518 & 519, U.S. v. Miller, 3:17-cr-00063-TMB and Miller v. Taylor, 3:14-cv-0061-RRB) and failed to Correct The System recording Communications That were/are Confidential.

28) Claimant and detainees are all in Substantial risk of having Their Confidential attorney-client Communications and meetings recorded to include regular pre-trial Calls and used against Them to Cause irreparable injury

and prejudice to Their cases. Detainee's and attorney's are never notified of Their confidential attorney-client communications recorded and used against them as evidentiary value without court approval. fraudulent concealment/omission, fraudulent misrepresentation, negligence is used by Securus Tech Inc and AKDoc.

Similarly, both attorney's and detainee's face substantial risks That defendants are continuing to violate detainees and attorney's rights under State/federal law, the CFSA and both AK and U.S. Constitutions.

29) Furthermore, if attorney's or detainee's suspected or were aware That Their communications and in-person meetings were being Monitored, recorded, accessed, downloaded, saved to folders, burned to CD's and played back, detainee's 6th Amendment, Art I, sec 22 privacy Right, 4th Amendment and 5th Amendment to include 1st Amendment rights would still be in serious jeopardy, because The attorney's would have no choice and no way of avoiding surveillance and recordings for meetings and conversations between attorney and clients.

30) Criminal defense attorney's, including claimant pay to speak in confidential terms and attorney's and clients must frequently consult with each other to prepare motions, pleadings and prepare for trial.
As an investigation proceeds They must confer about

various case details to inform their investigation,
motion practice and trial strategy. Attorney's need
unfettered disclosure by detainee's of the facts to
help their defense.

31) The same unlawful practices and procedures described
herein affect all attorney's representing clients in
All AK Doc facilities Statewide. AK Doc and Securus
Tech Inc participate in unlawful convictions that are
continually being obtained from information obtained through
the Call System.

32) AK Doc, Securus Tech and all defendants fraudulently
Conceal information when they discover attorney-client
Confidential communications have/had been monitored, recorded
accessed failing to disclose information to attorneys and
detainee's knowingly. Defendants destroy recordings to additionally
Conceal the facts.

## COUNT I
### AS 33.30.231(c), AS 12.37.010-.300, AS 42.20.300
### Alaska Wire tap Act. (See Miller v. Taylor.)

33) Claimant incorporates by reference all above para-
graphs of this Complaint and Exhibits A-B.

34) The Alaska Wiretap Act broadly prohibits The interception disclosure or use of any wire, oral or electronic Communication and establishes procedures to obtain Communications and recordings (AS. 12.37010.-.300, AS. 33.30.231(c).) AS.33.30.231(c) broadly prohibits Calls to ~~be~~ be kept Confidential and requires superintendent approval to access Calls and The Contents Thereof. AS.33.30.231(c) Triggers Ak Wire tap Act when Calls are not subjected to Superintendent approval and shall be kept Confidential. Making The recording, access to Call Contents intentional.

35) Defendants have been violating both attorney's and detainee's rights under The Alaska Wiretap Act Since 2009 to present. The Claimant and others are directly affected by evidence.

36) AK Doc and Securus Tech Inc herein have acted and Continue to act, intentionally and unlawfully to intercept and record Communications between Claimant and others, like Claimant and his attorney's and detainee's Then disclose information of Those Confidential Communications to Third parties, including law enforcement Violating The Wiretap Act Without Court approval or Consent. Defendants fraudulently Concealed evidence from recipients to Confidential Calls. Defendants have no Safety mechanism to stop and prevent recording Confidential Communications Defendant do not verify procedures are being followed

by law and RFP to gain access to recordings. or court orders are obtained.

37) AK Doc and Securus to include all defendants herein and unknown have acted and Continue to act intentionally and unlawfully to intercept, record Communications between detainees & Claimant, like Claimant and his attorney's Then disclosing The Confidential (information) Communications to Third parties, including law enforcement, in Violation of The Wire tap Act without Court approval or Consent.
    Defendants System have no Safety mechanisms to stop recording of Confidential Communication when it occurs.

38) AK Doc, Securus Tech Inc and all named defendants herein acted intentionally, knowingly, Willfully and voluntarily when They Violated The Alaska Wire tap Act when They Continued to access Confidential recordings when They realized The recordings were attorney-client privileged. They Acted when They:
    A) Intercepted, disclosed, used, or procured other persons to intercept, disclose or use information (evidence) obtained by Communications between Claimant and his attorney's while a detainee and Client.
    Defendants Troy Clark, Curtis V. K Testified They realized They had intercepted Confidential attorney-Client Communications and immediately Stopped intercepts. Evidence provide otherwise. (See Exhibit A & B) AS.42.20.300 / AS.33.30.231(C), AS 12.37.010 - 300

39) Claimant is entitled to The rights, protections and

benefits provided under The Alaska Wiretap Act Codified at AS.42.20.300, AS.33.30.231(c), 12.37.010-.300. AS.42.20.300 and AS.33.30.231(c) Trigger "intentional" per AS.12.37.010-.300 when Calls are not kept Confidential and access to Contents is not approved by each facility Superintendent.

40) Claimant brings all Claims on behalf of himself.

41) Defendants are persons within The meaning of The Alaska Wiretap Act/Statutes

42) Edwin-Allen: Stoltenberg Claimant is The Aggrieved injured party within The meaning of The Ak wiretap Act/Statutes.

43) As set forth herein and by evidence attached, (Exhibits A & B) Defendants intentionally and unlawfully recorded Confidential Communications between Claimant and his attorney's being a detainee/Client without Consent from either party or Court authorization.(See Exhibit A & B.)

44) Defendants Ak Doc, Troy Clark, Curtis Vik and Sammuel McGraw knowingly intercepted and Continued to intercept Confidential Communications when They heard attorney Bradley A. Carlson State before The Conversation That The foregoing Call was a Confidential attorney-client Call. Defendants knowingly and intentionally Continued to intercept knowing The number belonged to an attorney. Defendants Testified They knew The calls

Were Attorney-client Conversation and quickly Stopped intercepting/listening, as testified to under oath.

45) In Claimants Case, defendants disclosed information obtained to Third parties, law enforcement utilized information to obtain a July 2, 2018 search warrant.

Further Violation of The Alaska Wire tap Act, including The disclosure of evidence and information to Prosecutors and Third parties, including 6th Amend Right, Art I Sec 22 privacy Act and the CFSA.

46) Pursuant to The Alaska wire tap Act, Claimant is entitled
    A) to damages Not less Than $100.00 dollars a day for each day of violation or $10,000.00, whichever is higher
    B) Punitive damages; and
    C) reasonable attorney fee's and other litigation Costs reasonably incurred.

47) Claimant is entitled to punitive damages. Defendants Conduct has at all times been intentional, willfully and voluntarily within The meaning of The Act.

48) Defendants are liable for Claimants attorney fee's and Cost expenses incurred in This action to include Court appointment of a Special Master to investigate as a neutral party The Conduct of defendants So The Court has The Truth of facts That have alluded The Court and Claimant by being deceived by defendants.

49) Claimant was/is similarly situated in that he was subjected to defendants policy's and practices of recording and monitoring confidential attorney-client communication to include pre-trial phone calls as he was a detainee and had contractual rights under the CFSA without consent or disclosure of either party, or notice, violating the Alaska wiretap Act without any other alternative.

50) There exists questions of law and fact arising in this action which are common to claimant and all other effected who had confidential attorney-client communications recorded, disclosed, and ommitted, including but not limited to;

(i) whether defendants have been recording and monitoring attorney-client communications;

(ii) whether defendants policy and practices described within this complaint were intentional and unlawful;

(iii) whether defendants actions were intentional, willfully within the meaning of the Alaska wire tap Act

(iv) whether defendants fraudulent concealment, misrepresentation, negligence to conceal recordings and information were intentional within the meaning of the Act/statutes

(v) whether defendants failed to amend contract and/or entered

into a fraudulent Contract with AK Doc/Securus Tech Inc by failing to update Contract after 2017 AK Supreme Court ruling in Barber v State 393 P.3d 412 (2017) to record and Monitor pre-trial Calls and attorney-client Confidential Calls.

(Vi) whether AK Doc and Securus Tech Inc are bound by The CFSA Through RFP Signature of AK Doc 2021 15 Making The Actions intentional and willfully

51) Claimant requested Counsel Through Court due to The Complexity of this litigation and not being able to access The law library and State of Alaska laws and Case law

52) Defendants have acted and Continue to Act or refuse to act on grounds generally applicable to Claimant and others Thereby making appropriate Final and injunctive relief with respect to Claimant and others as a Whole.

## COUNT II
Violation of federal wire tap Act
18 U.S.C § 2510-2523 A&B

53) Claimant incorporates by reference The above foregoing paragraphs and requests The Court to reference paragraphs 33 Thru 52 to be The Same as Count II but regarding

The federal Wiretap Act.

54) Claimant incorporates Count IV Violation of The Cleary Final Settlement Agreement hereinafter CFSA to establish Claimants protected Contractual rights That establish defendants intentional Acts, triggering The Privacy Act, state/federal wire Tap Acts.

## COUNT III
### Violation of federal Privacy Act
### 5 U.S.C. § 552a(a)
Brought against governmental personel & Agency's.

55) Claimant incorporates by reference The foregoing paragraphs and requests The Court reference Paragraphs 33 Thru 54 to be Same as Count III

56) Defendants have acted intentional and/or refuse to act when They intentionally deleted and destroyed purging intentional, unlawful recordings of Confidential attorney-client Communications That were intentionally intercepted Then repeatedly accessed, used, disclosed to Third parties to obtain Search Warrant on July 2, 2018 That resulted in Claimants injuries. The actions occurred Without Court authorization

57) Defendants Knowingly ommitted by fraudulent Concealment

When governmental agencies and personel deleted and destroyed Confidential call recordings. Defendant failed to disclose to Claimant and/or attorneys information of The intercepts. Violating 5 U.S.C § 552(a) Defendants knew The System was intentionally recording Confidential calls and defendants failed to Stop The recordings (Exhibit A & B)

## COUNT IV

Violation of The Cleary final Settlement
Agreement (contract for Claimants Rights)
3AN-81-5274 CI pg 29 V-C-5.

58) Claimant incorporates by reference The above foregoing paragraphs 33 Thru 57 to be Same as Count IV

59) Defendants AK Doc entered into a Contract in 2001 The final Settlement Agreement hereinafter "CFSA" V-C-5 page#29 That a telephone call of a pre-trial detanee may not be monitored and a telephone call of any inmate and attorney except with Court authorization (see Barber v. State, 393. P3d(417) Defendant AK Doc/Securus failed to amend RFP after 2017 Supreme Court order reinstating The CFSA as required by RFP. Defendants all Signed and acknowledged The rights of Claimant which are located in The CFSA when Defendants Signed The AK Doc 202.01A form for AK Doc Policy 202.15. The CFSA creates a Right of privacy under Art I, sec 22.

# COUNT V
## Violation of The 6th Amendment to The United States Constitution.

60) Claimant incorporates by reference paragraphs and requests The Court reference paragraphs ~~33~~ 33 Thru 59 to include Count VI, Count VII and Count VIII

61) Defendants violated Claimants 6th Amendment Right to Counsel when They interferred by intentionally intercepting Claimant and his attorney's Confidential Communications. Defendants Further violated Claimants Constitutional right when defendants Troy Clark, Curtis V.K Testified They realized That they intercepted Confidential Communications but quickly hung up and Stopped listening. Defendants Then Continued to intentionally intercept as evidence provider (See Exhibits A & B)

62) Claimants 6th amendment attached When he paid the 8600⁰⁰ retainer fee on 6-26-2018 - 6-27-2018 and The Court appointed Counsel.

# COUNT VI
## Violation of The Alaska Constitution
### Art. I, Sec 22 Privacy Right.

63) Claimant incorporates by reference paragraphs and requests The Court reference paragraphs 33 Thru 62 to be same as Count VI

64) Claimant had a right to privacy in his Confidential attorney-client Communication under Art I, sec 22 of The Alaska Constitution

65) Claimant had a right of privacy secured by The CFSA under The Alaska Constitution

## COUNT VII
### Fraudulent Concealment, fraudulent misrepresentation, Negligence.
### See Romero v Securus Tech, Inc
### 216 f. Supp. 3d 1078 (2016)

66) It is respectfully requested The Court permitt Count VII fraudulent Concealment, fraudulent misrepresentation and negligence to be referenced by judicial notice of Romero v Securus Tech Inc, 216 f. Supp. 3d 1078. Claimants DKT 101 filing Stated Claimants inability to access State of Alaska laws. So Claimant incorporates Romero due to reasons and incorporates Romero's Claims and facts.

18 U.S.C. 2520 provides in pertinent part;

Any person whose wire or oral Communication is intercepted, disclosed, or used in violation of This Chapter Shall

i) have a Civil Cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose or use Such Communications, and

2) be entitled to recover from any Such person.

'Interception' as The term is used in 18 U.S.C § 2520 is defined as;

(A) oral or acquisition of The Contents of any wire or oral Communication Through The use of any electronic, mechanical or other device
18 U.S.C § 2510(4)

## PRAY FOR RELIEF

WHEREFORE, Concerning Claimants Counts I Thru VII for Defendants intentional violations of Both federal and Ak wiretap Acts, privacy Act, The CFSA, and Romero Claims Claimant prays for The following relief as follows;

1) A declaratory judgment That The practices, policies Complained

of herein are intentional, unlawful under State and Federal Acts/laws, The Both Privacy Acts, The CFSA and Romero claims by failing to disclose Concealing Acts by defendants then Committing false perjury under oath.

2) An injunction against defendants and its officers, agents, successors in interest, employees, representatives, and any and all persons acting in Concert with any defendant and unknown defendants as provided by law and Constitutional obligations from engaging in each of the unlawful practices, policies and Patterns Set-forth herein and to be discovered to include removing any and all Capabilities to record pre-trial detainee calls including any inmates Confidential attorney-client Communications.

3) Any relative remedy (Civil) pursuant to 5 U.S.C. § 552(a) on any applicable personel.

4) An order by Court for defendants to recover deleted and purged attorney-client calls. 30 attorney Calls. To be immediately produced to Claimant and Court

5) An order by The Court to disclose to any and all detainees information of Confidential intercepts/recordings that occurred.

6) A Court order appointing a Special Master pursuant to U.S. v. Black, 16-cr-20032-JAR, U.S. v. Carter 16-cr-20032-02-JAR

7) An order pursuant to # 6 to remove all Secures Tech Inc phone Systems. in All State of AK Doc Facilities.

8) Any person who intentionally, knowingly and willfully requests or obtains any record or evidence Concerning an individual from an agency under false pretense be guilty of a misdemeanor and fined not more than $1,000.00 per violation. 18 USC. 2520(4)

9) An award of damages not less than $100.00 per day for each day of violation, or $1,000.00 per violation which ever is greater due for Claimant to be paid by defendants

10) An award of $5,000.00 per violation for defendants violation of Claimants Right to privacy Secured by Art 1, Sec 22 Romero v. Secures Tech 216 F Supp. 3d 1078

11) An Sanction of defendants for deleting purging Call recordings at $500.00 per Call from date deleting and purging took place til present date, when restored and recorded Contents provided, 30 calls.

12) Any other award The Court reasonable determines

13) Costs and expenses of This action incurred herein, including reasonable attorney fee's at $450.00 per hour, cost to defendants of Court appointed Special Master, and expert fee's

14) Punitive damages, as provided by laws and Constitution

15) The award of damages to be paid in lawful Money 12 U.S.C § 411

## DESIGNATION OF PLACE OF TRIAL

It is hereby Demanded That the place of trial be set in The United States District Court for Alaska, Anchorage pursuant to The Common law and Jury Selection Act of 1968.

Dated This 21st day of July 2023

Respectfully Submitted
by: Edwin-Allen: Stoltenberg
authorized representative for
EDWIN ALLEN STOLTENBERG ©
Without prejudice (W/o recourse
A.S. 45.03.402 (UCC 3.402

## CERTIFICATE OF SERVICE

I Edwin-Allen: Stoltenberg Certify a true and Correct Copy of the foregoing and Exhibit A; B; C was U.S. Mailed to be EC/ECM Filed on all defendants and attorneys on July 21st 2023 by by: Edwin Allen: Stoltenberg

Edwin Allen Stanard, No. XXX XXX
Federal Correctional Institution
Person, Correction, warehouse
Bo. Boo XXX
XXXXX CXXXX XXXX
United States Penitentry/
P.O. 3900
Adelanto, California 92301
XXXXX

Special Mail / LEGAL

United States District Court
Alaska
222 West 7th Avenue Step 4

Anchorage, Alaska 99501

