**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

EDWIN ALLEN STOLTENBERG,

               Plaintiff,

       v.

TROY CLARK, et al.,

               Defendants.

Case No. 3:20-cv-00267-JMK

## ORDER OF DISMISSAL

Self-represented litigant Edwin Allen Stoltenberg ("Plaintiff") filed this action on October 14, 2020.[1]  Pending before the Court are several motions filed by Defendants, including a motion to dismiss for failure to prosecute.[2]  The Court's orders and Defendants' attempts at service on Plaintiff have been returned as undeliverable.[3]  The Federal Bureau of Prison's Inmate Locator shows Plaintiff was released from custody on December 29, 2023.[4]  As of the date of this order, Plaintiff has not contacted the Court regarding this case since his release.

---

[1] Docket 1.

[2] Docket 123 (motion to dismiss filed by Defendant Securus Technologies); Docket 128 (Federal Defendants motion to join the Motion to Dismiss); Docket 130 (State Defendants motion to join the motion to dismiss).

[3] *See* Dockets 121, 123-1 at 2, 127, 128-1, 130-1, and 132.

[4] Find an Inmate, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc (last visited March 26, 2024).

The Local Civil Rules require parties to provide current contact information to the Court and all parties.[5] The Court may dismiss an action for failure to comply with a local rule[6] or failure to comply with any order of the Court.[7] Before dismissing a complaint for failure to comply with an order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

Having considered these factors, this case must be dismissed. As Defendants point out, "this case has not progressed beyond the initial pleading stages since it was filed over three years ago."[9] Further, Plaintiff was released from prison three months ago and has not contacted the Court since. The Court cannot, and will not, allow cases to linger indefinitely.[10] Therefore, this case is

---

[5] *See* Local Civil Rules 11.1(b)(2) (requiring self-represented parties must keep the court and other parties advised of the party's current address and telephone number") and 11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[6] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[7] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[8] *See Ferdik,* 963 F.2d at 1260–61 (first citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986); and then citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

[9] Docket 123 at 4.

[10] *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting a plaintiff has the burden "to move toward . . . disposition at a reasonable pace.").

Case No. 3:20-cv-00267-JMK, *Stoltenberg v. Clark, et al.*
Order of Dismissal
Page 2 of 3
Case 3:20-cv-00267-JMK   Document 133   Filed 03/28/24   Page 2 of 3

dismissed with prejudice.[11] The Court finds no other lesser sanction to be satisfactory or effective in this case.[12]

**IT IS THEREFORE ORDERED:**

1.  The Motion to Dismiss at Docket 123 is **GRANTED.**

2.  The Motions for Joinder at **Dockets 128 and 130 are GRANTED.**

3.  This case is **DISMISSED with prejudice** for failure to prosecute.

4.  All pending motions are **DENIED** as moot.

5.  The Clerk of Court shall issue a final judgment.

DATED this 28th day of March, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[11] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). *See also Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) ("A court has power to dismiss an action for want of prosecution . . . both under Rule 41(b) and under its local rule . . . and even in the absence of such rules.").

[12] *See, e.g., Henderson,* 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).